IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| Tiffany Spann-Wilder, | ) | |
|---|---|---|
| | ) | C/A No. 2:08-0156-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| City of North Charleston, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tiffany Spann-Wilder brought this action against Defendant City of North Charleston on January 16, 2008. Plaintiff, who is a black female, served as a part-time municipal judge for the City of North Charleston commencing on October 26, 2001. Plaintiff asserts that she was paid a lesser salary than a white male who served in a similar judicial position. Plaintiff alleges that she requested an increase in her salary to be commensurate with that purportedly received by the white male municipal judge. According to Plaintiff, Defendant subsequently refused to reappoint her to the municipal judge position in retaliation for her complaints regarding her salary. Plaintiff asserts causes of action for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq.; retaliation in violation of Title VII; violation of the Equal Pay Act, 29 U.S.C. §§ 201 et seq.; intentional discrimination under color of state law, in violation of 42 U.S.C. §§ 1981 and 1983; and violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10.

This matter is before the court on motion for summary judgment filed by Defendant on February 9, 2009. Plaintiff filed a memorandum in opposition to Defendant's motion on March 9,

2009, to which Defendant filed a reply on March 18, 2009. Also before the court is Plaintiff's motion for partial summary judgment, which motion was filed February 9, 2009. Defendant filed a response to Plaintiff's motion on March 9, 2009. Defendant's motion for summary judgment asserts an issue as to Plaintiff's status as an employee or independent contractor, as well as its arguments as to the merits of the various causes of action set forth in Plaintiff's complaint. Plaintiff's status as an employee or independent contractor is the sole issue raised in Plaintiff's motion for partial summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On September 3, 2009, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge noted that the threshold issue is whether Plaintiff is an employee or independent contractor for purposes of applying the laws Plaintiff asserts were violated during her tenure as municipal judge. The Magistrate Judge determined that Plaintiff was an independent contractor. The Magistrate Judge therefore recommended that Plaintiff's motion for partial summary judgment be denied and Defendant's motion for summary judgment be granted as to all causes of action under Title VII, the Equal Pay Act, the South Carolina Payment of Wages Act, and 42 U.S.C. § 1981. The Magistrate Judge further recommended that Defendant's motion for summary judgment be denied as to Plaintiff's cause of action under 42 U.S.C. § 1983 because Plaintiff had not identified a violation of her constitutional rights, and it was not possible to undertake a reasoned analysis of whether summary judgment is appropriate as to this claim. Plaintiff filed objections to the Report and Recommendation on September 21, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

I. DISCUSSION

Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff was an independent contractor, and not an employee of Defendant. For the reasons set forth below, the court agrees that the Magistrate Judge erred in finding that Plaintiff is an independent contractor.

In analyzing whether Plaintiff was an employee or an independent contractor, the Magistrate Judge applied the factors set forth in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52 (1989) ("the hiring party's right to control the manner and means by which the product is accomplished; the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party"). The Magistrate Judge also applied an additional factor articulated by the Court of Appeals for the Fourth Circuit in Cilecek v. Inova Health System Services, 115 F.3d 256, 261 (4th Cir. 1987), that being the parties' belief about the nature of the employment relationship.

3

Among other things, the Magistrate Judge noted, but did not find dispositive, a letter from Steven R. Van Camp, managing legal counsel for the South Carolina Retirement Systems, dated June 10, 2005, to J. Brady Hair, City Attorney for Defendant. The June 10, 2005 letter concerned an inquiry by another municipal judge for Defendant with respect to participation in the South Carolina Retirement System. In the letter, Mr. Van Camp noted that city councils appoint municipal judges to serve in municipal courts, which are part of the State's unified judicial system. Mr. Van Camp also noted that the South Carolina Attorney General has determined that municipal judges exercise a portion of the sovereign power of the State and therefore are officers of the state and cannot be independent contractors with the municipality. Thus, according to Mr. Van Camp, municipal judges appointed by council should be classified as employees and must participate in the state retirement system as a condition of employment. See Entry 57-5, 2.

The Magistrate Judge rejected a broad interpretation of the letter as standing for the proposition that municipal judges should all be classified for all purposes as employees instead of independent contractors. However, Mr. Van Camp's letter implicates a different question, and one that has not been framed by the parties; that being Plaintiff's status as a public officer.

A public officer is one "who is charged by law with duties involving an exercise of some part of the sovereign power, either small or great, in the performance of which the public is concerned, and which are continuing, and not occasional or intermittent[.]" Sanders v. Belue, 58 S.E.762, 763 (S.C. 1907). A municipality is a part of the sovereign power of the State; thus, it follows that a municipal judge, charged with resolving legal disputes brought in the municipal court, is a public officer. Cf. Edge v. Town of Cayce, 197 S.E. 216, 200 (S.C. 1938) (finding that Chief of Police of a municipality is a public officer); see also State v. Crenshaw, 266 S.E.2d 61 (S.C. 1980) (setting

4

forth criteria for defining a public officer).

Although the court has not found a South Carolina Supreme Court opinion precisely on point, the South Carolina Attorney General has, as Mr. Van Camp referenced, determined that a municipal judge is a public officer. S.C. Code Ann. § 14-25-15 provides for a city council to appoint a municipal judge to serve for a term set by the council of not less than two years but not more than four years. A municipal judge's compensation is fixed by council. Id. The South Carolina Attorney General has opined that, given the statutory authorization for the position of municipal judge, the position is a public office in the Constitutional sense. See 77 Op. Att'y Gen. 114, 1977 WL 24479 (May 4, 1977). Absent the statutory authority, the position would be one of mere employment. Id.; see State v. Crenshaw, 266 S.E.2d 61, 62 (S.C. 1980) ("Criteria to be considered in making the distinction between an officer and an employee include whether the position was created by the legislature; whether the qualifications for appointment are established; whether the duties, tenure, salary, bond and oath are prescribed or required; whether the one occupying the position is a representative of the sovereign; among others.")(citing State ex re. Carson v. Wood, 175 S.E.2d 482 (W. Va. 1970)). Municipal judges, whether part-time or full time, are judicial officers. See Informal opinion of Office of the Attorney General, 2003 WL 22172234 (Sept. 11, 2003). They operate under the auspices and control of the South Carolina Supreme Court as part of the unified judicial system. Id. (citing S.C. Const. art. V). The South Carolina Supreme Court maintains oversight over municipal courts and judges as it does any other court in the unified judicial system. Id. Clearly, the concept of an independent contractor acting as a public officer and exercising sovereign power is not supportable. Cf. Miami-Dade County v. State Dep't of Labor, 749 So. 2d 574, 577 (Fla. Dist. Ct. App. 2000).

The court's determination is reflected in South Carolina's public policy, as well. By enacting the South Carolina Tort Claims Act, the Legislature waived sovereign immunity in favor of qualified and limited immunity with respect to the State, its political subdivisions, and employees acting within the scope of official duty. S.C. Code Ann. § 15-78-20(a). The Act provides the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents, except in limited circumstances. Id. § 15-78-20(b). The South Carolina Tort Claims Act defines an "employee" as "any officer, employee, or agent, or court appointed representative of the State or its political subdivisions, including elected or appointed officials, law enforcement officers, and persons acting on behalf or in service of a governmental entity in the scope of official duty[.]" S.C. Code Ann. § 15-78-30(c). The term "political subdivisions" includes municipalities. See S.C. Code Ann. § 15-78-30(h). The court can discern no basis upon which a duly appointed judicial officer, such as Plaintiff, would not have been encompassed under the definition of "employee" for purposes of the South Carolina Tort Claims Act. This is significant because the Legislature expressly has declined to waive immunity for losses resulting from judicial action or inaction. S.C. Code Ann. § 15-78-60.

The definition of "employee" specifically excludes independent contractors. S.C. Code Ann. § 15-78-30(c). A declaration that a municipal judge is an independent contractor would preclude an individual in that position from claiming the protections of the South Carolina Tort Claims Act. Such a classification is inconsistent with the intent of the Legislature to encompass public officers within the protections of the Act and could open a municipal judge to liability in direct conflict with the Legislature's reservation of judicial immunity. For this additional reason, the court concludes that Plaintiff was not acting as an independent contractor during her tenure as municipal judge.

This does not end the inquiry. A public officer generally is distinguishable from a public employee. Public officers are created for the benefit of the state, and a public officer has no contract or property right in the position. Wright v. City of Florence, 93 S.E.2d 215, 220 (S.C. 1956); see also State ex rel. Williamson v. Wannamaker, 48 S.E.2d 601 (S.C. 1948). A public employee, in contrast, is one "who merely performs the duties required of him by persons employing him under an express contract or otherwise, though such persons be themselves public officers, and though the employment be in or about a public work or business[.]" Belue, 58 S.E. at 763. Nevertheless, as set forth hereinabove, public officers can be considered to be "employees" in certain situations. Therefore, the threshold issue is not whether Plaintiff served in her capacity as municipal judge as an employee or independent contractor. The question is whether Plaintiff can pursue her claims based upon her status as a public officer.

## II. CONCLUSION

The parties have not had the opportunity to address the issue of whether Plaintiff, as a public officer, also meets the definition of an "employee" for purposes of the causes of action set forth in the complaint. Moreover, the court is unaware of what remedies, if any, Plaintiff can or must pursue through the administrative process available for "employees" of the state, to the extent such remedies may apply to her. The parties are given leave to submit memoranda regarding these issues within sixty (60) days of the date of entry of this order.

The court declines to adopt the Report and Recommendation of the Magistrate Judge. The court further denies Defendant's motion for summary judgment (Entry 55), as well as Plaintiff's motion for partial summary judgment (Entry 57). The Magistrate Judge did not address the merits of Plaintiff's claims. The court will hold in abeyance a determination of the merits until a final

conclusion is reached regarding the proper classification of Plaintiff's position as a municipal judge. If necessary, the parties will be allowed to reassert their arguments subsequent to briefing the issues raised by the court.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 29, 2009.